IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD FOLKNER, | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| HARRY WILSON, et al., | : | NO. 06-2361 |
| Respondents. | : | |

REPORT AND RECOMMENDATION

LINDA K. CARACAPPA
UNITED STATES MAGISTRATE JUDGE

Now pending before this court is a *pro se* petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, by a petition currently incarcerated in the State Correctional Institution at Fayette, Pennsylvania.  For the reasons which follow, it is recommended that the petition be DENIED and DISMISSED.

I.      PROCEDURAL HISTORY

On September 27, 2000, a criminal complaint was issued in Northampton County, Pennsylvania, charging petitioner with forgery and theft by deception.  Specifically, petitioner was charged with unlawfully obtaining, forging, and cashing a check in the name of Scott Wagner for two hundred dollars ($200.00).

Petitioner was then tried in the State of New Jersey on different, unrelated charges. On March 9, 2001, petitioner was convicted of burglary, theft and other related offenses in Warren County, New Jersey.  While petitioner was serving his New Jersey sentence, petitioner submitted a request under the Interstate Agreement on Detainers ("IAD") for speedy disposition

of the forgery and theft by deception charges in Northampton County, Pennsylvania. Accordingly, on July 24, 2001, petitioner was transferred to Northampton County from the State of New Jersey.

On September 21, 2001, petitioner entered a plea of guilty to one count of forgery. Petitioner was sentenced to term of a minimum of thirteen (13) months to a maximum of twenty-six (26) months imprisonment.  The sentence was to run consecutive to the sentence petitioner was serving in the State of New Jersey.  Petitioner filed a direct appeal to the Pennsylvania Superior Court, which affirmed petitioner's judgment of sentence on July 26, 2002.

After petitioner was sentenced in Pennsylvania, he was transferred to New Jersey to serve the remainder of his New Jersey sentence.  On April 2, 2005, petitioner was released. Petitioner was then transferred back to Pennsylvania to begin serving the sentence imposed in Northampton County.

Petitioner filed the instant petition for Writ of Habeas Corpus on July 12, 2006, alleging the following claims:

1.    Petitioner's sentence is a violation of the Interstate Agreement on Detainers ("IAD"); and

2.    Petitioner's constitutional rights were violated when petitioner did not receive credit for time served.

Respondents contend that the petition is procedurally defaulted, as petitioner's claims were not properly presented to the state courts and cannot be presented there now.  We agree that procedural default is established as discussed hereafter, and thus find the petition for Writ of Habeas Corpus should be dismissed in its entirety.

II.     PROCEDURAL DEFAULT

        Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court.  O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731 (1999).  A petitioner is not deemed to have exhausted the remedies available to him if he has a right under state law to raise, by any available procedure, the question presented.  28 U.S.C. § 2254(c) (1994); Castille v. Peoples, 489 U.S. 346, 350, 109 S. Ct. 1056, 1059, reh'g denied, 490 U.S. 1076, 109 S. Ct. 2091 (1989).  In other words, a petitioner must invoke "one complete round of the state's established appellate review process," in order to exhaust his remedies. O'Sullivan, 526 U.S. at 845.  A habeas petitioner retains the burden of showing that all of the claims alleged have been "fairly presented" to the state courts, which demand, in turn, that the claims brought in federal court be the "substantial equivalent" of those presented to the state courts.  Santana v. Fenton, 685 F.2d 71, 73-74 (3rd Cir. 1982), cert. denied, 459 U.S. 1115, 103 S. Ct. 750 (1983).  In the case of an unexhausted petition, the federal courts should dismiss without prejudice, otherwise they risk depriving the state courts of the "opportunity to correct their own errors, if any."  Toulson v. Beyer, 987 F.2d 984, 989 (3rd Cir. 1993).

        However, "[i]f [a] petitioner failed to exhaust state remedies and the court to which petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred...there is procedural default for the purpose of federal habeas..."  Coleman v. Thompson, 501 U.S. 722, 735 n.1, 111 S. Ct. 2546, reh'g denied, 501 U.S. 1277, 112 S. Ct. 27 (1991);McCandless v. Vaughn, 172 f.3d 255, 260 (3rd Cir. 1999).  The procedural default barrier also precludes federal courts from reviewing a state petitioner's federal claims if the state court decision is based on a violation of state procedural

3

law that is independent of the federal question and adequate to support the judgment.  <u>Coleman</u>, 501 U.S. at 729.  "In the context of direct review of a state court judgment, [this] doctrine is jurisdictional... [because] this Court has no power to review a state law determination that is sufficient to support the judgment."  <u>Id.</u>  "In the absence of [the procedural default doctrine] in federal habeas, habeas petitioners would be able to avoid the exhaustion doctrine by defaulting their federal claims in state court."  <u>Id.</u>, at 732.

In the event a petitioner brings claims which are procedurally defaulted, he is not entitled to federal habeas review unless he can show that his default should be excused.  Such excuse is allowed only where the petitioner can show "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims would result in a fundamental miscarriage of justice."  <u>Coleman</u>, 501 U.S. at 750.

Petitioner appealed his conviction in the Superior Court but failed to raise the claims asserted in petitioner's current habeas corpus petition.  Petitioner failed to file any further appeal.  Petitioner has not raised his current claims at any level in the state courts.

As noted above, respondent contends that petitioner's failure to present any of his claims to the state courts constitutes a failure to exhaust, which, in turn, results in procedural default of petitioner's claims.  See 42 PA. C.S. § 9545(b); 37 PA. Code § 73.1(a)(4).  We agree, and as such, we must dismiss the petition in its entirety.

4

Therefore, I make the following:

RECOMMENDATION

AND NOW, this _____ day of October, 2006, IT IS RESPECTFULLY

RECOMMENDED that the Petition for Writ of Habeas Corpus be DENIED AND DISMISSED.

It is also RECOMMENDED that a certificate of appealability not be granted.


BY THE COURT:


/S LINDA K. CARACAPPA____

LINDA K. CARACAPPA
UNITED STATES MAGISTRATE JUDGE