IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RICHARD FOLKNER,** | : | **CIVIL ACTION** |
| Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| **HARRY WILSON, et al.** | : | |
| Respondents | : | NO. 06-2361 |

**O R D E R**

AND NOW, this 19th day of March, 2006, upon careful and independent consideration of the petition for Writ of *Habeas Corpus* (Docket No. 3), and after review of the Report and Recommendation of United States Magistrate Judge Linda K. Caracappa (Docket No. 9), to which no objection has been filed, it is **ORDERED** that:

1.  The Report and Recommendation is **APPROVED** and **ADOPTED**;[1]

---

[1] The Court notes that the Report and Recommendation of United States Magistrate Judge Linda K. Caracappa (Docket No. 9), recommends that Petitioner's Writ of *Habeas Corpus* be denied and dismissed because Petitioner failed to exhaust his remedies in state court. The Court approves and adopts the Report and Recommendation on these grounds but notes that Petitioner's claims also lack merit. Petitioner argues that he is currently being detained in a Pennsylvania prison, in violation of his constitutional rights, because his sentence has already expired. Petitioner is mistaken.

On September 27, 2000, a criminal complaint was issued in Northampton County charging Petitioner with forgery and theft by deception. Before Petitioner faced these charges in Pennsylvania, however, Petitioner was tried and convicted of various burglary and theft-related charges in state court in New Jersey. On March 9, 2001, Petitioner was sentenced to several terms of imprisonment with respect to the New Jersey charges and proceeded to serve this sentence. While Petitioner was incarcerated in New Jersey, he requested a speedy disposition of the charges brought against him in Northampton County, Pennsylvania. In Northampton County on September 21, 2001, Petitioner pleaded guilty to one count of forgery and was sentenced to a term of a minimum of thirteen (13) and a maximum of twenty-six (26) months imprisonment. Petitioner's sentence in New Jersey expired on April 2, 2005, and on this date, Petitioner was transferred to prison in Pennsylvania to begin serving his 13-26 month sentence imposed in Northampton County.

The crux of Petitioner's *habeas* petition is that he believes that the 13-26 month Northampton County sentence, because it was imposed on September 21, 2001, should have

    2.        The Petition for a Writ of *Habeas Corpus* is **DENIED**;

    3.        There is no probable cause to issue a certificate of appealability; and

    4.        The Clerk of Court shall mark this case closed for statistical purposes.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge

---

begun to run on that date and, therefore, should have expired by November 2003. However, Petitioner misunderstands the nature of the sentence imposed in Northampton County as the judge in that case was quite clear that Petitioner's Northampton County sentence would run consecutively to, and not concurrently with, the Petitioner's prison sentence in New Jersey, which he was then serving. The judge in Northampton County who presided over the Petitioner's sentence could not have been more clear on this point. During the sentencing proceeding held on September 28, 2001 in the Court of Common Pleas of Northampton County, the court specifically rejected Petitioner's argument that any sentence imposed in Northampton County should be served concurrently with the sentence he was then serving in New Jersey. Resp't Answer Ex. 5 at 12:17–13:15. The court stated that Petitioner's sentence would be consecutive to all other sentences. Id. at 15:12-13. Further, the Sentence Status Summary completed in the Northampton County case states that Petitioner's sentence was "to be served consecutive to New Jersey Sentence." Resp't Answer Ex. 1. Therefore, Petitioner is mistaken as a matter of fact.